WILLIAM MARTIN v. STATE OF OHIO.

NECESSARY EVIDENCE TO CONVICT A PERSON CHARGED WITH ASSAULT WITH INTENT TO RAPE.

In an order to convict a person charged with an assault with intent to rape, it must appear from the evidence that an assault was made upon the prosecutrix, and that what was done was done against her will.

HEARD ON ERROR to a judgment of the Common Pleas Court finding the plaintiff in error guilty of assault with intent to rape.

SMITH, J.

We are of the opinion, under all the circumstances of the case, that the judgment of the court of common pleas should be reversed and a new trial awarded. One of the members of the court think that the guilt of the defendant was not shown upon the trial with the certainty that the law requires in criminal cases. That while there was no question but that the defendant was guilty of most indecent and dastardly conduct towards the young girl, the prosecuting witness, and richly deserves severe punishment, yet under the rigid rule laid down by the supreme court in the case of *Smith v. The State*, 12 O. S., 466, the evidence adduced did not show any assault upon her, or that what was done was done against her will so as to make him guilty of the offense of which he was charged, viz: an assault with intent to ravish her. The other members of the court incline to the opinion that it is very questionable whether the verdict was so manifestly against the evidence as to justify the court in reversing the judgment on this ground. But it is clear that the evidence brought into the bill of exceptions is exceedingly meagre and unsatisfactory in its character, and on a new trial the real facts can be shown with much more certainty. We therefore deem it safe and better to reverse the judgment. We do this the more readily as it seems to us in view of the doubtful character of the evidence that the sentence imposed was excessive.

*Thos. E. Shay*, for the Plaintiff in Error.

*E. M. Ballard* and *Edward Schwoerer*, for the State.